EDWARD CAYLUS and JOHN De RUYTER, Survivors, etc., Appellants, *v.* THE NEW YORK, KINGSTON AND SYRACUSE RAILROAD COMPANY, Impleaded with GEORGE H. SHARPE and others, Respondents.

*Issue of bonds by railroad company — statements in — Bona fide purchaser — what facts sufficient to put upon inquiry.*

A railroad company issued certain bonds designated as "consolidated first mortgage gold bonds," the bonds referring to a mortgage from which it appeared that it was intended to substitute a portion of the bonds for first mortgage bonds already issued upon the road, and to devote the remainder thereof to the extension and completion thereof. *Held,*

(1) That the use of the word "consolidated" was sufficient to put a purchaser upon his inquiry.

(2) That as the bonds referred to the mortgage, a purchaser was bound by the statement contained in the mortgage, and that it was his duty to ascertain whether or not the holders of the old bonds were willing to make the exchange.

Appeal from a judgment entered upon a demurrer, in favor of the defendants.

This action was brought by certain bondholders of the New York, Kingston and Syracuse Railroad Company against that corporation, its president and directors, and the Farmers' Loan and Trust Company.

The complaint alleged, among other things, that the corporation defendant, having a mortgage for $2,000,000 on its road and the bonds to which it was collateral issued to various parties, obtained leave from the legislature to extend its road, and entered into a contract for the performance of that work; that plaintiffs furnished certain materials to the contractor for use in such work; that in payment they agreed to receive certain notes, and, as collateral security for their payment, first mortgage bonds of the corporation defendant; that said corporation executed a mortgage on the same property covered by the first-mentioned mortgage and some other property of little value, for $4,000,000, collateral to bonds described on their face as first mortgage consolidated bonds of the New York, Kingston and Syracuse Railroad Company, and indorsed: "New York, Kingston and Syracuse Railroad Company; $1,000; No.—;

Consolidated First Mortgage Bonds;" that plaintiffs relied upon the statement that they were, in fact, first mortgage bonds, and a first lien on the property covered by the mortgage, and received the bonds as collateral to the notes; that the bonds of the mortgage firstly above mentioned were still outstanding and unpaid; that the defendants have received the benefit of plaintiffs' materials; that the notes to which the bonds given to plaintiffs were collateral were only two of them paid; that plaintiffs have recovered judgment on the others, and execution thereon has been returned unsatisfied.

*E. Ellery Anderson*, for the appellant.

*Stephen W. Fullerton*, for the respondent.

Brady, J.:

The bonds which were delivered to the plaintiffs by the contractors, the Litchfields, were designated "consolidated first mortgage gold bonds," and the mortgage referred to necessarily became a part of them in determining exactly what they were represented to be. The mortgage, on inspection, would have disclosed the fact that the design was to substitute them for bonds previously issued and secured by mortgage, and would have dictated the propriety, as a matter of security, of ascertaining whether the holders of the old bonds were willing to make the exchange or accept the substitute. The bonds would not all become first mortgage bonds without that change, but there is no allegation thereto, and no fact to warrant the conclusion that the defendants, the directors, knew that the substitution would not be accomplished or that they increased the issue of bonds unlawfully, or for a fraudulent purpose or object.

It was intended, on the contrary, out of the proceeds to extend the route and thus increase its value. The Litchfields, who, it must be assumed, knew the precise character of the bonds, believed, it may be inferred, in their ultimate value to be established by the extra roadway, which they undertook to build, and the consequent advantages to the company and to the bondholders.

It may be inferred, also, that the directors not only believed in the success of the scheme which necessarily included the substitution of the last for the first bonds, but in their value arising from

the additional advantages to be created by the additional roadway; and these are the fair and legitimate inferences from the facts stated.

The element of fraud does not, therefore, spring out of the plaintiff's case, excepting, perhaps, what might be evolved from the statement that the bonds were first mortgage bonds; but this representation was coupled with, and controlled by, the word "consolidated," and was sufficient to put the purchaser upon his guard or inquiry.

The transactions in this class of securities are generally hurried and rarely conducted with proper precautions. It is questionable whether, as a rule, the investors who seek bonds subject them to the scrutiny which careful persons apply to the ordinary enterprises of life, and they doubtless suffer even when they occupy the position of *bona fide* purchasers for value. The plaintiffs do not, however, occupy this relation to the defendants, the directors, because the bonds were accepted as security for, and not in payment of, the bill of merchandise for which the Litchfields contracted. The case presented seems, therefore, to be bald in several respects, namely: the absence of fraudulent design or purpose in issuing the bonds; the absence of any charge connecting the defendants, the directors, with the delivery of them to the plaintiffs; the absence of allegation or charge showing the plaintiffs to be *bona fide* holders for value, and the absence of any representation by the defendants, the directors, aside from the bonds themselves, and which explained their design and purpose sufficiently to notify the purchaser or person taking them of their character, or that he should examine.

The whole case seems to be more consistent with innocence than with fraud, within the rule laid down by the cases relating to the subject, and it is therefore incomplete. (*Marsh* v. *Falker*, 40 N. Y., 562; *Wakeman* v. *Dalley*, 44 Barb., 498; *Meyer* v. *Amidon*, 45 id., 169, 171; *Oberlander* v. *Spiess*, 45 id., 175.) The case of *Wakeman* v. *Dalley* is particularly illustrative in this action.

It is not intended by the result of this review to justify the proceeding complained of. If the officials of a corporation were held to a strict accountability; if, in other words, the securities emanating from them were held to import verity, and they to responsibility, if it were otherwise in fact; then first mortgage bonds would

mean first mortgage bonds, and would not be issued until all the preliminaries to make them such had been observed and performed. These views, in addition to those expressed at Special Term, render it necessary to affirm the judgment, with costs.

DAVIS P. J., and DANIELS, J., concurred.

Judgment affirmed, with costs.